Filed 12/29/22  P. v. Sanchez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>MIGUEL SANCHEZ, JR.,<br><br>     Defendant and Appellant. | F083761<br><br>(Super. Ct. No. F21902126)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Miguel Sanchez, Jr., challenges the sufficiency of the evidence supporting his conviction for making a criminal threat (Pen. Code,[1] § 422).  Following our review of the entire record in this case, we conclude substantial evidence supports the jury verdict of guilt.

## PROCEDURAL SUMMARY

An information filed on September 20, 2021, charged defendant with making criminal threats (§ 422, a felony; count 1), and disobeying a court order (§ 166, subd. (a)(4), a misdemeanor; count 2).  Also alleged were various enhancements, including a prior serious felony conviction that qualified as a strike (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), prior felony convictions (§ 1203, subd. (e)(4)), prior serious felony convictions (§ 667, subd. (a)(1)), and the allegation defendant is not eligible to be sentenced to county jail (§ 1170, subds. (f) & (h)).

On November 17, 2021, count 2 was dismissed.  After a jury was seated, the trial commenced on November 22, 2021.  On November 23, 2021, the jury found defendant guilty of making criminal threats.  During a bifurcated bench trial, the trial court found each of the prior conviction allegations true.

On January 3, 2022, after denying a motion to dismiss the prior strike conviction brought under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, the trial court sentenced defendant to a total term of 11 years.  Defendant received the upper term of three years for the criminal threats conviction, which was doubled pursuant to sections 667, subdivisions (d) and (e)(1), and 1170.12, subdivisions (b) and (c)(1).  To that sentence an additional term of five years was added under section 667, subdivision (a)(1).  A notice of appeal was thereafter filed on January 7, 2022.

---

[1]     All further statutory references are to the Penal Code.

2.

## FACTUAL SUMMARY

David R., the general manager of a steak restaurant in Selma, testified that on March 10, 2021, he was standing outside the front door of the restaurant, near the outside dining area. This area, utilizing a tent, was created during the pandemic as patrons were not being served inside the restaurant. David R. testified that while dinner was being served to various patrons, defendant came "barreling around the corner of the restaurant" and came to a stop right in front of him, saying,

> " 'I want you to get off my property. Everybody leave my property, and, you know, leave my property. I'm going to start shooting mother f***ers up.' "

David R. reported that of the three or four families who were in the dining area, "[a] couple of people got up and [left]."

David R. noted defendant was wearing a "good-sized" jacket at the time and kept his hands in the pockets of that jacket the entire time. David R. reported that he had encountered defendant in person three times while working at the restaurant, and each time his demeanor was aggressive. As an employee called the police, defendant sat down and said, " 'I'll wait for him.' " Although defendant soon left the restaurant despite saying he would wait, he was almost immediately picked up by police officers.

David R. explained in his testimony that he took defendant's statements as threats because of defendant's history of making such threats in person and over the phone. When phoning the restaurant, defendant would claim to be the owner and then would direct everyone to " 'get out.' " At least two other employees of the restaurant also testified about these phone calls and the threats he made to them personally, causing them to feel afraid or threatened. For these reasons, and because of the escalating tone of the voicemails he had left for the restaurant, David R. felt defendant was going to pull out a gun and follow through with his threats on March 10, 2021.

David R. testified that in response to defendant's continuous threats, an expensive video camera was installed to provide surveillance, and the restaurant obtained a restraining order against defendant that was in effect on March 10, 2021. The restraining order directed defendant to stay away from the restaurant and several specifically named employees of the restaurant, including David R.

During cross-examination, David R. admitted he never saw defendant with a gun or actually assault anyone. However, he also noted that he found it unusual that defendant was wearing a large coat given the weather at the time.

After the People rested, the defense chose not to provide any other evidence. The trial court then instructed the jury. Among the instructions provided was one laying out the elements of the crime of making criminal threats under section 422.

## DISCUSSION

Again, defendant only challenges the sufficiency of the evidence supporting the conviction for making criminal threats. No other issues are raised in this appeal.

## I. Substantial Evidence Supports the Conviction

### A. The Standard of Review

When considering whether a conviction is supported by the evidence, this court must review the entire record to determine whether any rational trier of fact could find support for the essential elements of the crime beyond a reasonable doubt. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) The evidence must be "reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Ibid*.) Therefore, this court must review the evidence in a manner that is favorable to the prosecution. (*People v. Wahidi* (2013) 222 Cal.App.4th 802, 805–806, citing *Zamudio*, at p. 357.)

Moreover, we look for substantial evidence; we do not consider conflicts in the evidence or weigh the strength of that evidence. (*People v. Wahidi*, *supra*, 222 Cal.App.4th at p. 806.) The jury, not the appellate court, must be convinced of the

4.

defendant's guilt beyond a reasonable doubt. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) The testimony of a single witness may constitute substantial evidence as long as it is not physically impossible or inherently improbable. (*People v. Ghobrial* (2018) 5 Cal.5th 250, 281.) A reversal based on insufficient evidence is not warranted unless there is no basis for concluding sufficient substantial evidence supports the jury's verdict. (*Ibid*.)

We now turn to the specific crime involved in this case, criminal threats, which pursuant to section 422, subdivision (a), is defined as:

> "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety .…"

Case law has offered an expanded explanation of this language. To show criminal threats pursuant to section 422:

> "The prosecution must prove '(1) that the defendant "willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person," (2) that the defendant made the threat "with the specific intent that the statement … is to be taken as a threat, even if there is no intent of actually carrying it out," (3) that the threat—which may be "made verbally, in writing, or by means of an electronic communication device"— was "on its face and under the circumstances in which it [was] made, … so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat," (4) that the threat actually caused the person threatened "to be in sustained fear for his or her own safety or for his or her immediate family's safety," and (5) that the threatened person's fear was "reasonabl[e]" under the circumstances.' " (*In re George T.* (2004) 33 Cal.4th 620, 630.)

Any determination that the defendant intended his words to be considered a real and actual threat under section 422 can take into consideration all the circumstances existing at the time the threat was made. (*In re George T.*, *supra*, 33 Cal.4th at p. 630.) Such threats must be " 'judged in their context.' " (*People v. Wilson* (2010) 186 Cal.App.4th 789, 807.) "[I]t is the circumstances under which the threat [was] made that give meaning to the actual words used." (*People v. Butler* (2000) 85 Cal.App.4th 745, 753.) Mere angry utterances or soliloquies are not enough unless they convey the threat of great bodily injury upon another. (*Wilson*, at pp. 805–806.) Also, " '[w]hile the statute does not require that the violator intend to cause death or serious bodily injury to the victim, not all serious injuries are suffered to the body. The knowing infliction of mental terror is equally deserving of moral condemnation.' " (*Id*. at p. 806.)

## B.     Application

Again, our obligation is to consider whether a rational trier of fact could find support for the essential elements of the crime charged beyond a reasonable doubt. (See *People v. Zamudio*, *supra*, 43 Cal.4th at p. 357.) The evidence shows defendant confronted David R. and insisted that everyone leave, or he would begin " 'shooting mother f***ers up.' " It was reasonable for David R. to believe this threat was real given a history that showed defendant had made similar threats over a period of time aimed at him and other employees of the restaurant. David R. was especially concerned because the threats had been escalating, suggesting to him this threat was more likely to occur. In fact, the seriousness of the threats made by defendant had been found by an earlier trial court sufficient to support the issuance of a restraining order against defendant prohibiting him from entering the restaurant's property or confronting certain named employees.

Defendant cites case law suggesting the threat must be unequivocal, unconditional, immediate, and specific under the circumstances to qualify as criminal threats under section 422. However, the evidence shows defendant's threat meets that standard.

6.

Specifically, when defendant made the threat, some diners left, reacting to the threat. David R. testified that defendant was wearing a large coat on a day the weather was good, and that he kept his hands in the pocket of that coat the entire time. Under the circumstances existing at that time, it would be reasonable for David R. to conclude defendant was possibly concealing a weapon he might use to shoot him or others at the restaurant that night.

Guilt under section 422 does not require the prosecution produce specific evidence of the intent to cause great bodily injury. (*People v. Wilson*, *supra*, 186 Cal.App.4th at pp. 805–806.) Instead, case law has held the surrounding circumstances can give meaning to the actual language of the threat made. (See *People v. Butler*, *supra*, 85 Cal.App.4th at p. 753.)

" ' "An appellate court must accept logical inferences that the [finder of fact] might have drawn from the circumstantial evidence." [Citation.] "Before the judgment of the trial court can be set aside for the insufficiency of the evidence, it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the [finder of fact]." ' " (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1426.) We believe the evidence describing the circumstances at the restaurant at the time defendant made his verbal threat to " 'start shooting mother f***ers up,' " provided sufficient substantial evidence supporting the jury's conclusion defendant's words constituted criminal threats under section 422.

## DISPOSITION

The judgment is affirmed.